BEESON-MOORE STAVE COMPANY *v.* ANDERSON-JEFFERS.

4-2714

Opinion delivered December 19, 1932.

*Chas. W. Mehaffy,* for appellant.

*J. P. Clayton* and *G. C. Carter,* for appellee.

HUMPHREYS, J. This is an appeal from a decree overruling exceptions to the final report of the receiver filed in the cause 'in the chancery court of Franklin County, Ozark District. The report was filed subsequent to the final decree in the case on the merits rendered on the 30th day of March, 1931. Exceptions to the final report of the receiver were filed July 17, 1931, and were heard and overruled by the court on December 18, 1931. The transcript of the record necessary to determine the correctness of the trial court in overruling the exceptions to the final report of the receiver, from which ruling an appeal was prayed out of this court, was lodged with the clerk of the Supreme Court on June 8, 1932.

Appellee has filed a motion to dismiss the appeal because not perfected within six months after the final decree overruling the exceptions to the receiver's report. This motion is not well taken, for the transcript was lodged here on June 8, 1932, or within six months from December 18, 1931, the day on which the exceptions were overruled by the trial court.

Appellee also has filed a motion to dismiss the appeal because the transcript does not contain the entire record made in the case below. It was only necessary to embrace in the transcript all the record relating to and bearing upon the correctness of the court's decree in overruling the exceptions to the final report of the receiver.

The exceptions challenged allowances made to the receiver by the former chancellor at chambers at Fort Smith in vacation without notice to appellant or without having taken the matter of such allowances under consideration in term time for determination in vacation.

The record reflects that the receiver was appointed on application of parties who had no interest in or claim to the property he took into his possession, and that appellants intervened, and on the trial of the intervention on the merits obtained a decree for the property or the proceeds thereof in the hands of the receiver. In accounting for the funds in his final report, the receiver claimed and requested the court to allow him credits for the amounts allowed him by the former chancellor at chambers at Ft. Smith, which items or allowances were excepted to by appellant. The court overruled appellant's exceptions and allowed the receiver credit for the items claimed, consisting of a fee to himself and to the attorneys who secured his appointment and certain court costs. The authority under which the chancellor made the order herein involved is said to be conferred by §§ 2190 and 2191 of Crawford & Moses' Digest, but such authority is not given by said sections. If the claim for these allowances be treated as an application to the chancery court for them, it was improper to make the allow-

ances out of the fund in the hands of the receiver, for the fund had been adjudged to appellant in the trial of the intervention. To make such allowances would amount to paying debts incurred by one party out of the property belonging to another.

On account of the error indicated, the judgment is reversed, and the cause remanded with directions to sustain the exceptions and disallow the claim of the receiver.